IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01082-BNB

LAMONT L. WARREN,

    Plaintiff,

v.

WARDEN CHARLIE DANIELS,
LIEUTENANT J. VIGIL,
NURSE V. VIGIL,
COUNSELOR D. BORGES,
UNITE MANAGER UMG LYDE,
CASE MANAGER JANUZS, and
OFFICER TROUTMAN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 10 2010

GREGORY C. LANGHAM
                CLERK

---

## ORDER OF DISMISSAL

---

Plaintiff Lamont L. Warren is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Warren, acting *pro se*, initiated this action by filing a letter with the Court stating his intent to file a Prisoner Complaint. On May 20, 2010, Mr. Warren filed two separate prisoner complaint forms that name different individuals as defendants and assert different claims. Magistrate Judge Boland entered an order on May 27, 2010, instructing Mr. Warren to file one amended complaint. Mr. Warren also was instructed that any copy of the original amended complaint must be exactly the same as the original complaint.

On June 14, 2010, Mr. Warren filed an Amended Complaint along with a copy that raises the same claims and names the same defendants as the Amended Complaint. He raises eight claims in the Amended Complaint challenging alleged false

charges that resulted in a disciplinary conviction against him.[1] Specifically, in Claim One, he asserts that Defendant Charlie Daniels refuses to stop prison staff from defaming him, violating his due process rights, and assaulting him. Mr. Warren further asserts that Defendant Daniels denies his institutional remedy requests without an investigation. In Claim Two, Mr. Warren asserts that Defendant J. Vigil has threatened to send him to the "Smooth Program," which is a prison sex offender program, and to place him in a sex offender program when he is on the streets. (Compl. at 5.) In Claim Three, he asserts that Defendant Borjes approached his cell and made a sexual gesture and unprofessional statements that defamed him and caused other inmates to laugh at him. In Claim Four, Mr. Warren asserts that Defendant V. Vigil wrote an incident report against him that falsified events and defamed him. Mr. Warren also asserts retaliation in Claim Four but does not clearly state whether it was Defendant J. Vigil or Defendant V. Vigil that retaliated against him.

In Claim Five, Mr. Warren contends that Defendant Borjes did not call any witnesses in his favor, interview anyone on his behalf, or allow him to make a presentation at his disciplinary hearing. Mr. Warren also asserts that he was denied a review of the video tape and told that the camera did not show anything with respect to the infraction at issue in the disciplinary hearing. In Claim Six, Mr. Warren asserts that he was subjected to bias treatment and wrongfully accused of committing a sexual act against Ms. Patti Lyde, who works as a computer specialist at the prison. Mr. Warren further asserts that Defendant Umg Lyde failed to acknowledge all the programming Mr.

---

[1] Although Mr. Warren has indicated in Section "B. Jurisdiction" of the complaint form that he asserts jurisdiction for his claims under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, he is a federal prisoner and his claims more properly are raised pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.

2

Warren has completed at the prison in Florence and told him that he would "make sure [he] got nothing coming and [he] also will never make parole." (Compl. at 10.) In Claim Seven, Mr. Warren asserts that Defendant Januzs acted unprofessionally towards him when he told him that he was going to the Smooth Program and he would "need know [sic] programming where [he is] going." (Compl. at 11.) Mr. Warren further asserts that Defendant Januzs laughed when he told him this. In Claim Eight, Mr. Warren asserts that Defendant Troutman wrote a memo against him that included false accusations about when Defendant Troutman escorted Defendant V. Vigil, a nurse, to Mr Warren's cell to provide him with medication. Mr. Warren further contends in Claim Eight that there is always a video camera when a nurse is on the B2 Range. Mr. Warren seeks expungement of the incident reports and the return of his "points" so that he can be transferred to a "lower penitentiary close to [his] region of the east coast." (Compl. at 15.)

The Court must construe the Prisoner Complaint liberally because Mr. Warren is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. See *id.* For the reasons stated below, the Complaint will be dismissed as legally frivolous.

The United States Constitution guarantees due process only when a person is to be deprived of life, liberty, or property. See *Templeman v. Gunter*, 16 F.3d 367, 369

3

(10th Cir. 1994). Mr. Warren does not allege that he was deprived of life or property at his disciplinary hearing. Therefore, he was entitled to procedural protections at the disciplinary hearing only if he was deprived of a liberty interest. The existence of a liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

Generally, a liberty interest may arise under the United States Constitution or prison regulations. *See Sandin*, 515 U.S. at 483-84. Although it is not clear that Mr. Warren has been reclassified as a result of his disciplinary action, to the extent he has been reclassified, the Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison. *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman*, 16 F.3d at 369. Due process guarantees do not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Meachum*, 427 U.S. at 224.

Prison regulations may create a liberty interest if they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. The United States Supreme Court has recognized that a due process liberty interest is at stake when a prisoner's reclassification imposes an "atypical and significant hardship." *See Wilkinson v. Austin*, 545 U.S. 209, 223 (2005). But the conditions in *Wilkinson* were extreme, including indefinite solitary confinement that rendered the prisoner ineligible for parole. *See id.* at 224. The

extreme conditions found in *Wilkinson* are not present here. Although Mr. Warren asserts that Defendant J. Vigil stated to him that he would make sure Mr. Warren would be placed in the Special Housing Unit (SHU) for a long time and that Defendant Lyde stated he would make sure Mr. Warren would never make parole, Mr. Warren does not assert that he has been placed in the SHU indefinitely with no hope of being considered for parole.

Furthermore, the Discipline Hearing Officer Report that Mr. Warren has attached to one of the prisoner complaint forms states that he was sanctioned to thirty days of disciplinary segregation, ninety days of visitation restriction, ninety days of property restriction (in SHU only), ninety days of commissary restriction, and ninety days of telephone restriction. (Comp. at Attachs (Doc. No. 12 at 18).) These sanctions alone do not subject Mr. Warren to an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Sandin* at 487.

Mr. Warren's sanctions are not sufficiently severe to create a protected liberty interest. *See, e.g., Blum v. Fed. Bureau of Prisons*, No. 98-1055, 1999 WL 638232, at *3 (10th Cir. Aug. 23, 1999) (holding that ninety-day confinement without store privileges, radio, and phone calls did not differ in significant degree and duration from ordinary incidents of prison life to create a protected liberty interest); *Villarreal v. Harrison,* No. 99-1268, 1999 WL 1063830, at *2 & n. 1 (10th Cir. Nov. 23, 1999) (concluding that conditions of prisoner's two-year confinement in administrative detention, including restricted telephone privileges and requirement that he eat all of his meals alone in his cell, were not so different as compared with normal incidents of prison life as to give rise to a protected liberty interest); *Madison v. Parker,* 104 F.3d

765, 768 (5th Cir. 1997) (holding that thirty-day commissary and cell restrictions did not implicate due process concerns); *Kennedy v. Blankenship,* 100 F.3d 640, 642 (8th Cir. 1996) (finding no liberty interest in thirty-day sanction that included restrictions on mail and telephone privileges, visitation privileges, commissary privileges, and personal possessions).

Furthermore, Mr. Warren's claims of defamation and harassment do not rise to the level of a constitutional deprivation. Verbal harassment and threats without more do not state an arguable constitutional claim. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Cumbey v. Meachum*, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Mr. Warren does not assert that he was physically assaulted by any named Defendants or threatened or assaulted by any inmates due to the comments made to him by any named Defendants in front of other inmates.

Furthermore, damage to an individual's reputation alone does not constitute a liberty interest. *See Paul v. Davis*, 424 U.S. 693 (1976). Where a stigma caused by a defamation involved the deprivation of a liberty or property interest protected under the constitution, an individual could maintain a cause of action sounding in constitutional tort. *Id.* at 709-12. Mr. Warren, however, must demonstrate both damage to his reputation and a deprivation of some other constitutionally cognizable interest in order to state a claim. *Corbitt v. Andersen*, 778 F.2d 1471, 1474-75 (10th Cir. 1985). Here, Mr. Warren fails to allege that the statements made by Defendants implicated a right secured by the constitution. The alleged comments made by Defendant Borjes in front of other inmates and the alleged false statements regarding the events that

resulted in his disciplinary conviction made by Defendants Troutman, V. Vigil, and J. Vigil at best are state law tort claims. The comments and statements are not cognizable as constitutional torts.

Finally, with respect to any claims of retaliation, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990); see *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Mr. Warren fails to assert any specific facts showing retaliation because of the exercise of his constitutional rights.

Based on the above findings, Mr. Warren fails to assert a violation of his constitutional rights. The Court, therefore, finds that Mr. Warren's claims lack merit, and the action should be dismissed as legally frivolous. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this __9th__ day of __July__, 2010.

BY THE COURT:

*/s/ Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01082-BNB

Lamont L. Warren
Reg No. 11245-007
USP- Florence
P.O. Box 7000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/10/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk